Filed 5/6/13  P. v. Ochoa CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071443 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F08705) |
| v. | |
| TAMMY MARIE OCHOA, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**PROCEDURAL BACKGROUND**

Defendant Tammy Marie Ochoa pleaded no contest to first degree robbery (Pen. Code, §§ 211, 212.5, subd. (a)) and admitted a principal was armed with a firearm (*id.*, § 12022, subd. (a)(1)) in the commission of the offense.  In exchange, three related counts and an arming enhancement were dismissed.

1

Defendant was sentenced to state prison for seven years, awarded 119 days' custody credit and 17 days' conduct credit, and ordered to pay a $1,400 restitution fine (Pen. Code, § 1202.4), a $1,400 restitution fine suspended unless parole is revoked (*id.*, § 1202.45), a $40 court operations assessment (*id.*, § 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373). The trial court issued a certificate of probable cause.

## FACTUAL BACKGROUND[1]

On December 11, 2011, defendant and another female entered the residence of 70-year-old Jintana Shaw. Defendant sprayed Shaw in the face with pepper spray, punched her, and then bound her legs and arms with duct tape. An adult male entered the residence, held a gun to Shaw's head, and demanded her car keys, which she gave him. Dennis Kane, an employee of Shaw, arrived at her residence. The adult male pulled Kane inside the residence and then shot Kane in the face. Thereafter, defendant and the other two assailants fled from the residence.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Because the matter was resolved by plea, our statement of facts is taken from the prosecutor's statement of factual basis and the probation officer's report.

However, our review discloses three minor errors on the abstract of judgment. First, the $40 court operations assessment is erroneously listed as $30.  Second, the $30 court facilities assessment is omitted.  Third, a $10 fine pursuant to Penal Code section 1202.5 is listed although no such fine was imposed.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to list the court operations assessment as $40, include the $30 court facilities assessment, and delete the $10 fine imposed pursuant to Penal Code section 1202.5, and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.


                                       MURRAY        , J.


We concur:


              BUTZ          , Acting P. J.


            DUARTE        , J.